## GREAT NORTHERN UTILITIES CO. v. PUBLIC SERVICE COMMISSION et al.

### No. 1060.

District Court, D. Montana.

Oct. 5, 1932.

Conforming to decision of Supreme Court 285 U. S. 524, 52 S. Ct. 313, 76 L. Ed. 921.

Gunn, Rasch, Hall & Gunn and E. G. Toomey, all of Helena, Mont., for plaintiff.

L. A. Foot, Atty. Gen., and Francis A. Silver, of Helena, Mont., for defendants.

Before SAWTELLE, Circuit Judge, and PRAY and BOURQUIN, District Judges.

BOURQUIN, District Judge.

Heretofore, an interlocutory injunction was awarded plaintiff against the defendant commission's rate order found unreasonable for that (1) at rates affording fair return the field is insufficient for more than one utility, in consequence of which plaintiff's right to compete with a rival to the survival of the stronger if not the fitter, cannot be legally divested by the minimum rate by the order prescribed, and/or (2) the prescribed rates do not afford fair return. See (D. C.) 52 F.(2d) 802.

Affirmance by the Supreme Court is "without prejudice to the consideration and determination at final hearing of all questions of law and fact, including the question of the reasonableness, in the circumstances disclosed, of the order which is the subject of the suit." See 285 U. S. 524, 52 S. Ct. 313, 76 L. Ed. 921.

At this final hearing the evidence, objections to which are overruled, varies little, if any, from that at the former hearing, and discloses the facts, circumstances, and situation are unchanged. Likewise are our views and findings, which, together with pleadings and evidence, sufficiently appear at (D. C.) 52 F.(2d) 802, and without more the injunction is made permanent.

It may be observed that plaintiff's proposed amendment to its complaint, in substance, that the commission's rates will not afford fair return and are confiscatory, opposed by defendants, is unnecessary and disallowed. The fact was recognized by defendants from the beginning, they declared it in their report of which the order is a part, and conceded it throughout save in so far as by belated and strategic answer uselessly compelling this second final hearing, they deny the knowledge of insufficiency of the field which their report discloses they in fact had. If now an issue, the pleadings suffice to present it, necessarily involved in "the question of the reasonableness, in the circumstances disclosed, of the order" in suit.

Decree accordingly.